BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:<br>23ANDME, INC., Customer Data Security Breach Litigation | MDL No. <u>3098</u> |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
MOTION FOR TRANSFER AND CONSOLIDATION PURSUANT TO  28 U.S.C. §1407
OF DEFENDANTS 23ANDME, INC.**

Plaintiffs J.S., J.T., and A.L. (*J.S. et al v. 23andMe, Inc., et al.*, Case No. 3:23-cv-05234, Plaintiffs Nichole Friend, Aaron Parra, and Mari Rajamin (*Friend, et. al. v. 23andMe, Inc.*, Case No. No. 4:23-cv-05323), and Plaintiff Kristen Rivers (*Rivers et al v. 23andMe, Inc. et al*, 4:23-cv-06481-JST) oppose Defendant 23AndMe, Inc.'s Motion for Transfer and Consolidation Pursuant to 28 U.S.C. §1407.  As demonstrated herein, 23AndMe has not met its burden of showing that centralization under §1407 is necessary or appropriate. Indeed, it most certainly is not.

**INTRODUCTION**

23andMe's Motion is the classic "solution in search of a problem." This is not a circumstance with sprawling cases scattered across the country with numerous overlapping parties and claims. In this case, all but a very few actions against 23AndMe are already consolidated in the Northern District of California. As a result, these cases are already situated where discovery and court proceedings will be most convenient for the parties and allow for efficient resolution of the claims against 23AndMe.

The Panel has noted its own "primary purpose is not to divine the motives and strategies of the various litigants . . . Nevertheless, where a Section 1407 motion appears intended to further

the interests of particular counsel more than those of the statute, we would certainly find less favor with it." *In re CVS Caremark Corp. Wage & Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010). 23AndMe's motion should be looked at with disfavor because it appears to be filed merely for the delay associated with such a motion since there is no justification for the creation of an MDL in this case and Defendants agree the case should be pending before the Court in which it is now pending.

Centralization is not warranted because (a) the number of cases is minimal, all involving the same defendants (b) 23andMe has not satisfied its heavy burden to demonstrate sufficiently complex common issues warranting centralized pre-trial proceedings, (c) centralized proceedings will not facilitate an efficient discovery process, and (d) the parties have already demonstrated their willingness and ability to informally coordinate these cases to avoid duplication of efforts.

## **ARGUMENT**

Under 28 U.S.C. § 1407, cases should be centralized into an MDL only when "necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation." *In re: Alteryx, Inc., Customer Data Sec. Breach Litig.*, 291 F. Supp. 3d 1377, 1378 (J.P.M.L. 2018). However, 23andMe's Motion has nothing to do with the convenience to the parties or witnesses, or the interests of efficiency and justice, as such consolidation of cases in 23andMe's home jurisdiction has already taken place for nearly every case filed against it.

In addition, the Panel "ha[s] emphasized that 'centralization under Section 1407 should be the last solution after considered review of all other options.'" *Id.* (quoting *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1377-78 (J.P.M.L. 2011)). Where informal coordination and cooperation between the parties is available, those options should be favored over § 1407 centralization. *See, e.g.*, *In re Hudson's Bay Co. Customer Data Sec. Breach*

*Litig.*, 326 F. Supp. 3d 1372, 1373 (J.P.M.L. 2018). Here, the plaintiffs have already begun consolidating between themselves. For the few cases outside of the Northern District of California, there is no evidence that 23andMe has made any effort to work with those plaintiffs to transfer the cases or stay them pending the resolution of the Northern District of California case.

### A.  The Number of Cases Is Minimal

23andMe's Motion admits that at least twenty-two of the pending cases were already consolidated before Judge Chen, effectively making that one case for purposes of this decision. Further, there are only 3 Federal Court cases pending outside the Northern District of California – one in the Central District of California and two filed in the Northern District of Illinois. This number of cases is neither unwieldy nor unmanageable.

23andMe speculates additional tag-along cases are likely from many different jurisdictions. Mot. At 11. This argument is unavailing. First, the Panel has been "disinclined to take into account the mere possibility of future filings in [its] centralization calculus." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013); *In re: Cal. Wine Inorganic Arsenic Levels Prods. Liab. Litig.*, 109 F. Supp. 3d 1362, 1363 (J.P.M.L. 2015) (concluding that movant's "conclusory assertions" about "the mere possibility of additional actions does not convince us that centralization is warranted" where only two related actions had been filed since the filing of the motion to transfer). Rather, the Panel has explained that "[s]hould additional actions materialize, the courts deny Section 1404 transfer of the pending actions, and informal cooperation prove unworkable, the parties may file another Section 1407 motion, and the Panel will revisit the question of centralization at that time." *In re Gen. Motors LLC Chevrolet Bolt EV Battery Prods. Liab. Litig.*, 532 F. Supp. 3d 1413, 1415 (J.P.M.L. 2021) (refusing to centralize 8 actions pending in 4 districts) (internal quotation marks and citation

omitted).

### B. 23andMe Has Not Met Is "Strong Burden" Of Demonstrating That Centralization Is Warranted.

The Panel has long recognized that "[w]hen only a minimal number of actions are under consideration for transfer under Section 1407," as they are here, "the moving party bears a strong burden to show that the common questions of fact are so complex and the accompanying discovery so time-consuming as to serve the overall convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *In re Com. Lighting Prods., Inc. Contract Litig.*, 415 F. Supp. 392, 393 (J.P.M.L. 1976). The Panel has repeatedly applied this principle to deny centralization to other data breach litigation. *See, e.g.*, *In re Stockx Customer Data Sec. Breach Litig.*, 412 F. Supp. 3d 1363, 1364 (J.P.M.L. 2019); *In re First Am. Fin. Corp. Customer Data Sec. Breach Litig.*, 396 F. Supp. 3d 1372, 1372-73 (J.P.M.L. 2019); *In re: [24]7.AI, Inc., Customer Data Sec. Breach Litig.*, 338 F. Supp. 3d 1345, 1346 (J.P.M.L. 2018); *In re Alteryx*, 291 F. Supp. 3d at 1377-78. 23andMe fails to meet this heavy burden, and the Panel should deny centralization here.

### 1. The Common Questions Are Not Complex Enough to Warrant Centralization.

23andMe contends centralization is warranted because the actions "all involve substantially similar legal theories arising from the same alleged facts." Mot. at 8. "Common factual questions, however, are not the sole prerequisite for centralization under Section 1407. Centralization also must promote the just and efficient conduct of the actions." *In re Hartford COVID-19 Bus. Interruption Prot. Ins. Litig.*, 493 F. Supp. 3d 1358, 1360 (J.P.M.L. 2020). The Panel has thus denied centralization in data breach cases even where there were common questions, if the other requirements and touchstones of Section 1407 were not met. *See, e.g.*, *In re Nelnet Servicing, LLC, Customer Data Sec. Breach Litig.*, 648 F. Supp. 3d 1377 (J.P.M.L. 2022); *In re*

*Hudson's Bay Co. Customer Data Sec. Breach Litig.*, 326 F. Supp. 3d 1372, 1373 (J.P.M.L. 2018) (denying centralization even where all the parties supported it, because while there was "no dispute that these cases share factual issues arising out of a data breach involving customer payment card data at Saks Fifth Avenue, Saks OFF 5TH, and Lord & Taylor stores in North America . . . centralization under Section 1407 should be the last solution after considered review of all other options") (internal quotation marks and citations omitted); *In re: Alteryx,* 291 F. Supp. 3d at 1378 ("These actions share factual allegations concerning an incident in which defendant exposed and allowed unauthorized access to a database file containing sensitive consumer data. Despite the overlap in factual and legal issues among these cases, we find that Section 1407 centralization is not necessary."). 23andMe's Motion fails to persuade that common factual and legal questions and potential common defenses are so "complex" that they can only be resolved through a centralized proceeding.

    **2.    Centralization Would Not Promote Efficiency and Would Not Serve the Convenience of the Parties.**

Efficiency is a hallmark of section 1407. Where transfer would serve to disrupt the progress made in an action or delay the termination of an action, consolidation is inappropriate. *In re Chiropractic Antitrust Litigation*, 483 F. Supp. 811, 813 (1980); see also *In re Qwest Communicational International, Inc., Securities and "ERISA" Litigation*, 395 F. Supp. 2d 1360, 1361 (J.P.M.L. 2005) (denying motion to transfer where "centralization would not necessarily … further the just and efficient conduct" of the litigation given the advanced stage of proceedings and the limited number of districts involved); *In re Ecuadorian Oil Concession Litigation*, 487 F. Supp. 1364 (J.P.M.L. 1980) (denying motion to transfer where centralization "could delay the termination of [one] action without producing any overriding benefits"). Per Section 1407 centralization is appropriate only when it will "serve the convenience of the parties and witnesses

and promote the just and efficient conduct of [the] litigation." *In re Dairy Farmers of Am., Inc., Cheese Antitrust Litig.*, 626 F. Supp. 2d 1348 (J.P.M.L. 2009). Centralization is intended to "eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort of the parties, the attorneys, the witnesses, and the courts." MANUAL FOR COMPLEX LITIG. § 20.131 at 220 (Fed. Jud. Ctr. 4th ed. May 2020). This practice is consistent with the legislative history of § 1407, which indicates that "transfer is to be ordered only where significant economy and efficiency in judicial administration may be obtained" thereby. H. Rep. 1130, 90th Cong., 1st Sess. (Feb. 28, 1968), reprinted in 1968 U.S.C.C.A.N. 1898, 1900 (emphasis added).

None of these goals would be accomplished by centralizing the cases at issue here, as nearly all cases are already consolidated already and are pursuing a common litigation. Should the Panel deny centralization, the Northern District of California cases would still predominate and move forward all together before Judge Chen. The only reason they are not yet is because 23andMe specifically moved the Court to stay litigation pending this Panel's decision. *See* Motion for Stay, attached as Exhibit 1. Moreover, transfer would inevitably engender delays that would perpetuate the irreparable harm that results from the impact of the data breach caused by 23andMe.

**C. Clear Alternatives to Centralization Exist and the Parties Have Already Effectively Demonstrated Their Ability to Coordinate These Cases Informally.**

The Panel has consistently held that Section 1407 transfer "should be the last solution that parties seek after considered review of all other options." *In re: Best Buy Co.*, 804 F. Supp. 2d at 1378-79 (collecting cases). "Those options include cooperation and coordination among the parties and the involved courts to avoid duplicative discovery and inconsistent pretrial rulings." *In re Nat'l Grid Tax Gross-Up Adder Litig.*, No. MDL 3070, 2023 WL 2876091, at *1 (J.P.M.L. Apr. 10, 2023). Accordingly, this Panel routinely denies centralization where, like here, informal

coordination would suffice. *See In re Varsity Spirit Athlete Abuse Litig.*, No. MDL 3077, 2023 WL 3828645, at *2 (J.P.M.L. June 5, 2023) ("Also weighing heavily against centralization are that (1) plaintiffs in all actions share counsel, (2) there are a limited number of involved actions and districts, and (3) the parties have been successfully informally coordinating the actions. There are just ten actions pending in seven districts."); *In re Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig.*, 273 F. Supp. 3d 1357, 1358 (J.P.M.L. 2017) ("Opponents of centralization argue that unique factual and legal issues will predominate in this litigation, and that informal coordination is sufficient to minimize any overlap in pretrial proceedings. We are persuaded that any overlapping pretrial proceedings have been and can continue to be handled through informal coordination."); *In re Convergent Outsourcing, Inc. Fair Debt Collection Practices Act (FDCPA) Litig.*, 84 F. Supp. 3d 1369, 1370-71 (J.P.M.L. 2015) (denying centralization of six actions where the issues were not complex and "voluntary cooperation and coordination among the parties and the involved courts seems a feasible alternative to centralization"); *In re: Am. Exp. Co. Anti-Steering Rules Antitrust Litig.*, 657 F. Supp. 2d 1365, 1366 (J.P.M.L. 2009) ("Although these six actions unquestionably involve common factual and legal issues, Section 1407 centralization is not necessary at this time. Informal coordination by the parties and the involved courts is indeed ongoing.").

This is a perfect example of a situation where alternative coordination is a more beneficial method. The small number of cases pending outside the Northern District of California, some with overlapping counsel as the Northern District cases, make the parties and Courts easily able to coordinate. Much more of that coordination would have been done already had 23andMe not moved the Court to stay that exact coordination. The consolidation of pending cases already before Judge Chen reflects the kind of "voluntary cooperation and coordination among the parties and the

involved courts to avoid duplicative discovery or inconsistent pretrial rulings," that the Panel has endorsed. *In re Dickey's Barbecue Rests.*, 521 F. Supp. 3d at 1356.

On this basis, the Panel should deny centralization and allow the parties' momentum to continue, trusting that informal coordination will occur where necessary. *See In re Varsity Spirit Athlete Abuse Litig.*, 2023 WL 3828645, at *2 ("We 'believe it better to allow the parties' attempts to self-organize play out before centralizing any part of this litigation.'" (quoting *In re Baby Food Marketing, Sales Practices & Prods. Liab. Litig.*, 2021 WL 2369296 (J.P.M.L. 2021))).

## CONCLUSION

"The most pressing question" before this Panel "is whether centralization presents the most efficient means of advancing these actions towards resolution." *In re Hartford COVID-19 Bus. Interruption Prot. Ins. Litig.*, 493 F. Supp. at 1360. Based on the foregoing, the answer to that question here is no. The Panel should therefore deny 23andMe's Motion.

Dated January 18, 2024

Respectfully submitted,

/s/ Sharon J. Zinns
Sharon J. Zinns, Esq.
Zinns Law, LLC
4243 Dunwoody Club Dr.
Suite 104
Atlanta, GA 30350
Phone: (404) 882-9002
Email: sharon@zinnslaw.com
*Attorney for Plaintiffs J.S., J.T., and A.L.*
*J.S. et al v. 23andMe, Inc., et al.*
(Case No. 3:23-cv-05234-EMC)
Northern District of California

    *s/Saima Ali Gipson*
Saima Ali Gipson, Esq.
Employee Justice Legal Group, P.C.
1001 Wilshire Blvd.,
Los Angeles, CA 90017
Telephone: 213-382-2222
Email: sali@ejlglaw.com
*Attorney for Plaintiffs Nichole Friend, Aaron Parra, and Mari Rajamin v. 23andMe, Inc.*
(Case No. No. 4:23-cv-05323-EMC)
Northern District of California

 *s/Azra Z. Mehdi*
AZRA Z. MEHDI (SBN 220406)
THE MEHDI FIRM, PC
95 Third Street
2nd Floor #9122
San Francisco, CA 94103
Ph/Fax: (415) 905-8880
Email: azram@themehdifirm.com

  *s/Candace Smith*
HERMAN JONES LLP
John C. Herman (to seek admission pro hac vice)
Candace N. Smith (to seek admission pro hac vice)
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
Email: jherman@hermanjones.com
Email: csmith@hermanjones.com

Counsel for Plaintiffs Kristen Rivers et al.